**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

WILLIAM JEFFREY DUMAS,

        Plaintiff,

     v.

CORECIVIC; and GEORGIA
DEPARTMENT OF CORRECTIONS, in their
official capacities,

        Defendants.

CIVIL ACTION NO.: 5:20-cv-122

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

### PLAINTIFF'S CLAIMS[1]

Plaintiff claims he had two spots on his right leg in February 2017.  Doc. 1 at 12. Plaintiff states he was seen by medical personnel on various occasions and given multiple prescriptions.  Id.  Medical personnel originally diagnosed him with psoriasis.  Id.  Plaintiff later

---

[1]    All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

received diagnoses of eczema, dry skin, a fungal infection, and scabies.  Id.  Plaintiff was eventually sent to an outside dermatologist who took a biopsy and was prescribed Clobetasol. Id. at 12, 14.  Plaintiff asserts he has not received this medication to date.  Id. at 14.  Plaintiff states he went back to the medical unit where he was told the outside dermatologist agreed with the prison doctor, and Plaintiff should continue using the same medications prescribed.  Id. at 12. Plaintiff claims his condition started to worsen, and he was given multiple new prescriptions other than Clobetasol.  Id. at 13.  Plaintiff asserts he filed a an appeal on August 25, 2020, which was granted.  Id.  Plaintiff asserts CoreCivic and the Georgia Department of Corrections ("GDC") refused him proper treatment.  Id. at 4.  Plaintiff seeks compensatory damages and an order requiring CoreCivic and GDC to give him the treatment prescribed by the outside dermatologist.  Id. at 5.  Plaintiff states he intends to sue under the Eighth Amendment.  Id. at 5.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.     Plaintiff's Eighth Amendment Claims**

The United States Supreme Court has interpreted the Eighth Amendment Cruel and Unusual Punishment Clause to prohibit "deliberate indifference to serious medical needs of prisoners." Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)).  There are three requisite elements for a deliberate indifference claim: (1) a serious medical need; (2) deliberate indifference to the need; and (3) a causal connection between the constitutional violation and plaintiff's injury.  Id.  The first element is an objective inquiry.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).  A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quotation and citation omitted).

The second element is a subjective inquiry.  Id.  To show defendants' deliberate indifference, a plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) a disregard of that risk; (3) by conduct that is more than mere negligence." Melton, 841 F.3d at

1223.  Conduct that is more than mere negligence can include grossly inadequate care, a decision to take a less effective but easier course of treatment, or completely cursory medical care that amounts to no treatment at all.  Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011).  A mere medical malpractice claim does not constitute deliberate indifference to a serious medical need.  Estelle, 429 U.S. at 104.  Medical prison officials are entitled to utilize their medical judgment when treating inmates.  See Estelle, 429 U.S. at 107.  Accordingly, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" also does not amount to a constitutional violation.  Melton, 841 F.3d at 1224 (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)).  Prison officials cannot be held liable under the Eighth Amendment when they provide an inmate with treatment, but the inmate simply prefers a different mode or method of treatment.  Sifford v. Ford, 701 F. App'x 794, 795 (11th Cir. 2017).

Plaintiff has at most alleged CoreCivic and GDC were negligent.  Plaintiff describes receiving medical treatment for his condition on several occasions.  Doc. 1 at 12–13.  Plaintiff states he was given multiple prescriptions and diagnoses.  Id.  When it appeared the prescribed treatment was not working, Plaintiff was sent to an outside specialist and later received different prescriptions.  Id.  Although Plaintiff claims the medical unit misinterpreted the recommendation from the outside specialist, this at most amounts to a negligence claim.  Id. at 12.  Plaintiff has not stated any facts suggesting Defendants knew they were violating the specialist's recommendation.  Plaintiff's Complaint reflects the fact he is only dissatisfied with the diagnoses and course of treatment he received.  This is insufficient to state a plausible Eighth Amendment claim.  Melton, 841 F.3d at 1224; Sifford, 701 F. App'x at 795.  For this reason, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint.

## II.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

### CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the

appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 5th day of April, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA