# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| WILLIAM JEFFREY DUMAS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:20-cv-122 |
| | * | |
| v. | * | |
| | * | |
| CORECIVIC; and GEORGIA | * | |
| DEPARTMENT OF CORRECTIONS, in | * | |
| their official capacities, | * | |
| | * | |
| Defendants. | * | |

### O R D E R

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. Dkt. No. 14. In the Report and Recommendation, the Magistrate Judge recommended dismissing Plaintiff's Complaint in its entirety because Plaintiff did not allege sufficient facts to show Defendants acted with deliberate indifference under the Eighth Amendment. Dkt. No. 13, p. 4. In his Objections, Plaintiff argues he can show deliberate indifference by CoreCivic and Georgia Department of Corrections. Dkt. No. 14. Plaintiff asserts Defendants prescribed a less effective but easier course of treatment by prescribing less expensive medications instead of Clobetasol. Id. at p. 2. Plaintiff has submitted various

progress notes, which tend to show he was not given Clobetasol because the medication was too expensive. Dkt. No. 14-8.

The Eighth Amendment does not prohibit prison officials from considering the cost of medical treatment. Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1277 (11th Cir. 2020). Even considering Plaintiff's allegations in his Objections and the records provided in support, Plaintiff has not alleged any subjective deliberate indifference by any Defendant. Plaintiff has, at most, alleged negligence, which is insufficient to support a claim under 42 U.S.C. § 1983.

Plaintiff claims against these Defendants also fail for other reasons. To state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments qualify as "persons" under § 1983, state agencies, penal institutions, and private corporations which contract with states to operate penal institutions are generally not considered legal entities subject to suit. Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (holding the Eleventh Amendment bars § 1983 suits against state agencies) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 66-70 (1989)); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered

AO 72A
(Rev. 8/82)

legal entities subject to suit . . . .") (citations omitted); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (analyzing Georgia law and concluding the same); Williams v. Chatham Cnty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. August 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.") (citations omitted).

A state's Department of Corrections is considered an arm of the state that is protected by Eleventh Amendment sovereign immunity. Alabama v. Pugh, 438 U.S. 781, 782 (1978). Therefore, Plaintiff cannot properly assert claims under § 1983 against the Georgia Department of Corrections. Nor can Plaintiff maintain a plausible claim against CoreCivic, which is a private corporation that contracts with the State to operate Coffee Correctional Facility.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **DISMISSES** Plaintiff's Complaint in its entirety, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff leave to proceed *in*

AO 72A
(Rev. 8/82)

*forma pauperis* on appeal.

      **SO ORDERED**, this __3__ day of __May__, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA